(130 So. 865)

## STATE v. HILL.
### No. 30787.

Nov. 3, 1930.

Percy Saint, Atty. Gen., John J. Robira, Dist. Atty., of Lake Charles, and E. R. Schowalter, Asst. Atty. Gen., for the State.

Moss, O'Fiel & O'Bannion and Hawkins & Pickrel, of Lake Charles, for appellee.

LAND, J.

The defendant, G. B. Hill, and six other defendants, are charged in different counts of the same information with breaking and entering a railroad car with intent to steal, and with the larceny of goods found in the railroad car and of the value of $36.

All of the defendants were tried at the same time by a jury of twelve, and were ac-

quitted of both counts, except the defendant, G. B. Hill, who was convicted of the larceny of goods valued at $36, as charged in the second count of the information.

After conviction and before sentence, the defendant filed a motion in arrest of judgment on the ground that larceny of $36 is punishable with or without hard labor for a term not exceeding two years under section 5 of Act No. 107 of 1902, and is triable by a jury of five members, according to the provisions of article 7, §§ 41 and 42, of the Constitution of 1921, and that therefore his conviction in this case by a jury of twelve members, even with his consent, is null and void, since the trial court, as organized, was without jurisdiction to try defendant on the charge of larceny.

The motion in arrest of judgment was sustained by the judge a quo, and the state has appealed.

It is provided in article 218 of the Code of Criminal Procedure that: "When two or more crimes result from a single act, or from one continuous unlawful transaction, only one indictment will lie; but each of said distinct crimes, though some of them be felonies and others of them misdemeanors, may be separately charged in distinct counts in the same indictment."

The crimes of burglary and larceny, resulting from one continuous, unlawful transaction in this case have been charged in distinct counts in the same information, and the requirement of article 218 of the Code of Criminal Procedure has been complied with.

But it does not follow, as contended by the state, that defendant may be tried, at the same time, for burglary and larceny before a jury of twelve members, and convicted of larceny.

Under the present Constitution, misdemeanors are tried by the district judge; cases in which the punishment may be at hard labor are tried by a jury of five members, or by the district judge if the jury is waived; and cases in which the punishment is necessarily at hard labor are tried by a jury of twelve members.

Burglary is necessarily punishable by imprisonment in the penitentiary, and must be tried by a jury of twelve members, while larceny is punishable by imprisonment with or without hard labor, and is triable by a jury of five members.

It is manifest that a different tribunal is provided by the organic law of the state for the trial of burglary and of larceny. We have therefore held that, when a defendant, charged with a crime for which he should be tried by a jury of five members, is tried by a jury of twelve members, the verdict and sentence are null, although in such case a defendant consented to be tried by a jury of twelve members. State v. Desselles, 150 La. 494, 90 So. 773; State v. Bailey, 154 La. 536, 97 So. 851; State v. Hataway, 153 La. 751, 96 So. 556.

It is therefore ordered that the judgment appealed from, sustaining the motion in arrest, be affirmed. It is further ordered that this case be remanded for a new trial in accordance with the views herein expressed.