364 So.2d 588 (1978)
STATE of Louisiana
v.
Lezly D. NEDDS.
No. 62252.
Supreme Court of Louisiana.
November 13, 1978.
A. J. Boudreaux, 24th Judicial District Indigent Defender Bd., Kenner, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John M. Mamoulides, Dist. Atty., Kenneth L. Sanders, Abbott J. Reeves, Asst. Dist. Attys., for plaintiff-appellee.
SANDERS, Chief Justice.
The State charged Lezly D. Nedds with theft, a violation of LSA-R.S. 14:67. A twelve-person jury found the defendant guilty as charged. The court sentenced her to six years imprisonment.
The defendant appeals, relying on four assignments of error for reversal of her conviction and sentence. As we find a fatal error patent on the face of the record, we pretermit substantive treatment of the assignments of error.
Trial by an incorrect number of jurors is an error that we recognize ex proprio motu. See LSA-C.Cr.P. art. 920; State v. Sanford, 248 La. 630, 181 So.2d 50 (1965); State v. Toney, 205 La. 451, 17 So.2d 624 (1944); State v. Vinzant, 200 La. 301, 7 So.2d 917 (1942).
The State charged the defendant with theft of $5,020. LSA-R.S. 14:67 fixes the punishment as follows:
"Whoever commits the crime of theft when the misappropriation or taking amounts to a value of five hundred dollars or more shall be imprisoned, with or without hard labor, for not more than ten years, or may be fined not more than three thousand dollars, or both." [Emphasis supplied.]
Louisiana Constitution, Article 1, Section 17 (1974), establishes the jury size in criminal cases. That section states, in pertinent part:
"A [criminal] case in which the punishment may be confinement at hard labor *589 or confinement without hard labor for more than six months shall be tried before a jury of six persons, five of whom must concur to render a verdict." [Emphasis supplied.]
Louisiana Code of Criminal Procedure Article 782 comports with this constitutional mandate.
As both the Constitution and statute require a six-person jury to try a case which is punishable with or without hard labor, trying the defendant with a twelve-person jury was fatal error.
We have consistently held that, in cases tried by a jury composed of either more than or less than the correct number of jurors, the verdict is null. State v. Rabbas, La., 278 So.2d 45 (1973); State v. Bennett, 270 So.2d 840 (1972); State v. Hill, 171 La. 277, 130 So. 865 (1930); State v. Bailey, 154 La. 536, 97 So. 851 (1923). The case, therefore, must be reversed and remanded.
Because of the possibility of a re-trial, we note our concern as to the propriety of the trial court's ruling on the prosecutor's opening statement referring to defendant's possession of "tools of the trade" as an objectionable reference to other crimes.
For the reasons assigned, the conviction and sentence are annulled and set aside, and the case is remanded for a new trial in accordance with law and the views herein expressed.
DIXON, J., dissents.
DENNIS, J., dissents and assigns reasons.
DENNIS, Justice, dissenting.
Defendant was convicted of a relative felony by a jury of twelve persons. Prior decisions of this Court have held that such a defect in the proceedings requires remand, State v. Rabbas, 278 So.2d 45 (La.1973); and several decisions have even treated jury size as jurisdictional, State v. Reeves, 128 La. 37, 54 So. 415 (1911). This position would be justified in those cases where a defendant is convicted by a jury composed of fewer persons than the law mandates. However, where the defendant is convicted by a larger jury, he has, in effect, been provided greater protection than the minimum required by law. Defendant alleged no prejudice; and I am unable to perceive how the defendant could be prejudiced by a jury composed of twelve rather than six persons. Moreover, since the defendant could have waived the jury entirely, his going to trial before a twelve person jury instead of a six person jury should constitute a waiver of his right to a trial by the smaller jury.