367 So.2d 857 (1979)
STATE of Louisiana
v.
Warren SMITH.
No. 63003.
Supreme Court of Louisiana.
February 7, 1979.
A. J. Boudreaux, Staff Appeals Counsel, 24th Judicial Dist., Indigent Defender Bd., Kenner, for defendant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John M. Mamoulides, Dist. Atty., Ronald Loumiet, George Mustakas, Abbott J. Reeves, Asst. Dist. Attys., for plaintiff-appellee.
PER CURIAM.
Defendant was charged by bill of information with a simple burglary committed on October 6, 1977. La.R.S. 14:62. On November 17, 1977, he was tried before a twelve person jury, which found him guilty as charged. Thereafter, the trial court sentenced him to serve seven years at hard labor. On appeal, defendant contends that his conviction must be reversed because he was improperly tried by a twelve person jury rather than a six person jury.
Article I, Section 17 of the 1974 Louisiana Constitution provides in pertinent part:
Section 17. A criminal case in which the punishment may be capital shall be tried before a jury of twelve persons, all of whom must concur to render a verdict. A case in which the punishment is necessarily *858 confinement at hard labor shall be tried before a jury of twelve persons, ten of whom must concur to render a verdict. A case in which the punishment may be confinement at hard labor or confinement without hard labor for more than six months shall be tried before a jury of six persons, five of whom must concur to render a verdict. (emphasis supplied).
See also, La.C.Cr.P. Art. 782.
Defendant was charged with the offense of simple burglary, for which La.R.S. 14:62, as amended by Acts 1977, No. 133, § 1, [1] provides the following punishment: "Whoever commits the crime of simple burglary shall be imprisoned with or without hard labor, for not more than twelve years." Consequently, by constitutional and statutory mandate, defendant was required to be tried before a six person jury.
We have consistently held that the verdict returned by a jury composed of either more or less than the correct number of jurors is null. See, State v. Nedds, 364 So.2d 588 (La.1978), and cases cited therein.
The state argues that defendant waived his right to complain of the defect by failing to object at the trial level. See, La.C.Cr.P. Art. 841. However, an error in the size of the jury is discoverable on the face of the record and therefore we may note it Ex proprio motu without formal objection or an assignment of error. See, La.C.Cr.P. Art. 920(2); State v. Nedds, supra.
Accordingly, defendant's conviction and sentence are reversed and the case is remanded to the district court for a new trial.
DENNIS, J., dissents for the reasons assigned by him in State v. Nedds, 364 So.2d 588 (La.1978).
NOTES
[1] Prior to the 1977 amendment to R.S. 14:62, simple burglary was punishable by imprisonment at hard labor. However, the above-quoted amendment was effective on September 9, 1977, before the commission of the subject offense on October 6 and therefore it governed the instant prosecution.