BOWES, Judge.
Charles E. Ferguson was charged by bill of information with possession of pentazo-cine, a violation of La.R.S. 40:967. He was arraigned on January 5, 1984 and entered a plea of not guilty. On February 14,1984, a twelve-person jury was impaneled and trial commenced. The following day, the jury returned a verdict of guilty as charged. The jury was polled and the verdict declared legal. Ferguson was sentenced on February 23, 1984 to serve three years in the custody of the Department of Corrections.
From the conviction and sentence, he now appeals.
ASSIGNMENT OF ERROR
The appellant requests the court to examine the record for errors on its face.
*965 La.C.Cr.P. art. 920 provides [t]he following matters and no others shall be considered on appeal: (1) An error designated in the assignments of errors; and (2) an error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence.”
For the purpose of an error patent review, the “record” in a criminal case includes the caption, the time and place of holding court, the indictment or informátion and the endorsement thereon, the arraignment, the plea of the accused, the bill of particulars filed in connection with a short form indictment or information, the mentioning of the impaneling of the jury, the minute entry reflecting sequestration in a capital case, the verdict, and the judgment of sentence. See State v. Oliveaux, 312 So.2d 337 (La.1975).
LSA Const. Art. 1, Sect. 17 provides in pertinent part:
Section 17. A criminal case in which the punishment may be capital shall be tried before a jury of twelve persons, all of whom must concur to render a verdict. A ease in which the punishment is necessarily confinement at hard labor shall be tried before a jury of twelve persons, ten of whom must concur to render a verdict. A case in which the punishment may be confinement at hard labor or confinement without hard labor for more than six months shall be tried before a jury of six persons, ... [emphasis ours]
La.C.Cr.P. art. 782 states:
A. Cases in which punishment may be capital shall be tried by a jury of twelve jurors, all of whom must concur to render a verdict. Cases in which the punishment is necessarily confinement at hard labor shall be tried by a jury composed of twelve jurors, ten of whom must concur to render a verdict. Cases in which the punishment may be confinement at hard labor shall be tried by a jury composed of six jurors, all of whom must concur to render a verdict.
B. Trial by jury may be knowingly and intelligently waived by the defendant except in capital cases, [emphasis ours]
The defendant was charged with possession of pentazocine in violation of La.R.S. 40:967(C). The penalty provision for possession of pentazocine is set forth in 40:967(C)(1) which states that “[a]ny person who violates this Subsection with respect to pentazocine shall be imprisoned with or without hard labor for not less than two years and for not more than five years and, in addition, may be sentenced to pay a fine of not more than five thousand dollars.” [emphasis added]
As the penalty provision does not state that the term of imprisonment is necessarily hard labor, the appropriate number of jurors to try the case should have been six. However, the record reflects that the defendant was tried by a twelve-person jury.
In State v. Nedds, 364 So.2d 588, 589 (La.1978), the Louisiana Supreme Court held:
As both the Constitution and statute require a six-person jury to try a case which is punishable with or without hard labor, trying the defendant with a twelve-person jury was fatal error.
We have consistently held that, in cases tried by a jury composed of either more than or less than the correct number of jurors, the verdict is null. State v. Rabbas, La., 278 So.2d 45 (1973); State v. Bennett, 270 So.2d 840 (1972); State v. Hill, 171 La. 277, 130 So. 865 (1930); State v. Bailey, 154 La. 536, 97 So. 851 (1923). The case, therefore, must be reversed and remanded.
See also State v. Pollard, 438 So.2d 1208 (La.App. 3rd Cir.1983) writ denied 443 So.2d 1125; State v. Gary, 445 So.2d 200 (La.App. 3rd Cir.1984); State v. Marcantel, 388 So.2d 383 (La.1980).
Under the above jurisprudence, the verdict rendered in this case by a jury composed of the wrong number of jurors is null. Accordingly, for the reasons stated above, the defendant’s sentence is vacated, his conviction is annulled and set aside, and *966 this case is remanded to the district court for a new trial.
SENTENCE VACATED, VERDICT ANNULLED AND SET ASIDE, AND REMANDED.