WILLIAM A. CULPEPPER, Judge Pro Tem.
On April 29, 1986 defendant was tried by a jury of 11 for attempted second degree murder and convicted of the lesser included offense of aggravated battery under LSA-R.S. 14:34 and LSA-C.Cr.P. art. 814(A)(4). On September 5, 1986 defendant was sentenced to serve six years at hard labor, sentence suspended, and placed on supervised probation for five years. The defendant appeals the conviction and sentence.
FACTS
On September 5, 1985 defendant had an altercation with Thomas Simien, Jr. on a night club dance floor. Simien was bumped by defendant while dancing and a fight ensued. Both parties had been drinking. Defendant testified he recalls nothing but having been hit in the face by Simien’s brother and someone attempting to injure him with a “shiny object.” Simien and his brother testified that defendant attacked Simien from behind and stabbed him at *892 least twice. Simien suffered a collapsed left lung and a penetrated abdomen and was hospitalized 13 days.
Defendant was charged by bill of information with attempted second degree murder. Prior to reading the charges, the court announced that one juror had been excused for illness and replaced by the alternate juror; and another juror failed to appear and could not be located by the sheriff. The court and attorneys for both parties agreed to proceed with a jury of 11, with a concurrence requirement of ten jurors to convict defendant. Defendant was convicted of the lesser included crime of aggravated battery by a concurrence of all 11 of the 11 jurors.
ASSIGNMENTS OF ERROR
The defendant sets forth the following assignments of error:
1. The trial court erred in finding defendant guilty of aggravated battery where there was insufficient evidence upon which a reasonable trier of fact could have found every element of the crime proven beyond a reasonable doubt.
2. The trial court erred in imposing an excessive sentence under Const. Art. 1, § 20 and LSA-C.Cr.P. Art. 894.1.
APPLICABLE LAW
Since we find the jury verdict is null on procedural grounds, the assignments of error will not be discussed.
The unexplained unavailability of a juror has been held to be a legal cause for discharge of that juror by the court. State v. Clay, 441 So.2d 1227 (La.App. 1st Cir.1983). When a principal juror is to be discharged before the first witness has been sworn, the court may, at any time before the first witness is sworn, order the juror removed and the panel completed in the ordinary course. LSA-C.Cr.P. Art. 796. Where there is no alternate juror available, a panel of alternate jurors may be summoned. State v. Delore, 381 So.2d 455 (La.1980), or a mistrial may be declared, LSA-C.Cr.P. Art. 775(5) and State v. Bennett, 341 So.2d 847 (La.1976).
A trial by an incorrect number of jurors is an error that is discoverable by a mere inspection of the pleadings and proceedings and which we recognize ex pro-pino motu. LSA-C.Cr.P. Art. 920; State v. Nedds, 364 So.2d 588 (La.1978).
La. Const. Art. 1 § 17 (1974) establishes the jury size in criminal cases and states in pertinent part:
“A [criminal] case in which the punishment is necessarily confinement at hard labor shall be tried before a jury of twelve persons, ten of whom must concur to render a verdict.”
LSA-C.Cr.P. Art. 782 comports with this constitutional mandate.
The defendant was entitled to a jury of 12 and a conviction concurrence of 10 out of 12 jurors for the crime of attempted second degree murder of which aggravated battery is a lesser included offense. LSAR.S. 14:27(D), 14:30.1; LSA-C.Cr.P. Art. 782; State v. Goodley, 398 So.2d 1068 (La.1981); State v. Mason, 499 So.2d 551 (La.App. 2nd Cir.1986). Therefore trial by a jury of 11 was a procedural defect.
The Supreme Court has consistently held that, in cases tried by a jury composed of either more than or less than the correct number of jurors, the verdict is null. State v. Jenkins, 406 So.2d 1352 (La.1981); State v. Marcantel, 388 So.2d 383 (La.1980); State v. Smith, 367 So.2d 857 (La.1979); State v. Nedds, supra. This court has also upheld this principle of law. State v. Gary, 445 So.2d 200 (La.App. 3d Cir.1984); State v. Pollard, 438 So.2d 1208 (La.App. 3d Cir.1983). We note that there are several well-reasoned dissenting opinions in the Supreme Court cases disagreeing with the strict interpretation mentioned above. These dissents are based on the interest of judicial economy. The dissents are supported by at least one commentator. The federal law and jurisprudence allows a defendant to consent to a jury of 11 instead of 12. We find, however, that Louisiana has established stricter standards as to the requisite number of jurors in criminal cases which are apparently founded on the interests of fundamental fairness and procedural safeguards for the defendant. State v. *893 Jenkins, supra. See, F. Sullivan, Criminal Trial Procedure, 45 La.L.Rev. 263, 286 (1984); F. Sullivan, Criminal Trial Procedure, 43 La.L.Rev. 375, 388 (1982). See also 18 U.S.C. 23; U.S. v. Smith, 523 F.2d 788, cert. denied, 424 U.S. 973, 96 S.Ct. 1475, 47 L.Ed.2d 742 (5th Cir.1975). We also note that the Federal rule requires that before a waiver for trial to a jury of less than 12 can become effective, there must be express and intelligent consent of the defendant, either orally or in writing in the record. In this case there is no evidence in the record that defendant participated in the waiver. See F.R.C.P. Rule 23(b); Patton v. United States, 281 U.S. 276, 50 S.Ct. 253, 74 L.Ed. 854 (1930).
Therefore, we hold the verdict returned by the jury is null.
CONCLUSION
Accordingly, for the reasons assigned above, the defendant’s conviction and sentence are reversed and the case is remanded to the district court for a new trial.
REVERSED AND REMANDED.
KNOLL, J., dissents and assigns reasons.