589 So.2d 549 (1991)
STATE of Louisiana
v.
Alexander CLARK.
No. KA 90 1213.
Court of Appeal of Louisiana, First Circuit.
October 18, 1991.
Writ Denied February 21, 1992.
*550 Anthony Marabello, Baton Rouge, for defendant/appellant.
Duncan Kemp, Office of Dist. Atty., Livingston Parish, Livingston, for plaintiff.
Before COVINGTON, C.J., and SAVOIE and LeBLANC, JJ.
LeBLANC, Judge.
Alexander Clark was charged by separate bills of information with attempted first degree murder, a violation of La.R.S. 14:30(2) and 14:27, and with public intimidation, a violation of La.R.S. 14:122. He pled not guilty to both charges and received a consolidated trial by jury. After the jury trial, defendant was found guilty of aggravated battery (responsive verdict to attempted first degree murder), a violation of La.R.S. 14:34, and public intimidation. Defendant was sentenced to ten years at hard labor for the aggravated battery conviction and five years at hard labor for the public intimidation conviction; these sentences to run concurrently. Defendant appealed, urging five assignments of error as follows:
1. The trial court erred in accepting the verdict of guilty of public intimidation because there was insufficient evidence to sustain the verdict.
2. The trial court erred in accepting the verdict of guilty of aggravated battery because there was insufficient evidence to sustain the verdict.
3. The trial court erred in finding the defendant guilty of aggravated battery and public intimidation of a police officer because the same evidence *551 was used for both convictions and violated the prohibition against double jeopardy contained in the Fifth Amendment of the United States Constitution and in Article I, § 15 of the Louisiana Constitution (1974).
4. The trial court erred in failing to instruct the jury that even in the event of a lawful arrest, if a police officer uses excessive force, the person being arrested has the right to resist that force.
5. The trial court erred in imposing an excessive sentence.
Assignments of error numbers four and five were not briefed; therefore, they are considered abandoned. Uniform Rules-Courts of Appeal, Rule 2-12.4.

FACTS
On June 12, 1988, Walker Police Officer Kevin Devall was on patrol in his police unit when he observed a vehicle, driven by defendant, speeding on Highway 190. Officer Devall, using radar, clocked defendant's vehicle traveling 69 miles per hour in a 55 miles per hour zone. Devall pursued defendant's vehicle, which stopped at a red traffic signal on Highway 190 at the intersection of Burgess Avenue. Devall radioed the Town of Livingston Police to advise that he was going to make a traffic stop and relayed the license plate number and description of the automobile he was stopping. Before Devall could exit his vehicle, the traffic signal changed to green and defendant's vehicle turned and continued traveling. Devall turned on his unit's flashing lights, pursued defendant's vehicle and radioed the Livingston Parish Sheriff's Office to send a backup unit. Finally, defendant's vehicle stopped; the officer exited his vehicle and ordered defendant to step out of his vehicle. Defendant approached the police unit and refused to give Officer Devall his driver's license. A passenger in defendant's vehicle left that vehicle and stated that he did not want trouble and wanted to leave. Devall ordered this man to "go down the road" and to not come back. As Devall was talking to the passenger, defendant threw his driver's license on the hood of the police vehicle, ran back to his automobile and sped off. Officer Devall returned to his vehicle and chased defendant. Officer Randy Dufrene, a Town of Livingston police officer, attempted to set up a roadblock with his vehicle; however, defendant attempted to hit Officer Dufrene's vehicle and then passed the officer. Defendant proceeded to his brother's residence on Clark Street. Once there, defendant ran from his vehicle and started beating on the door.
Officer Devall arrived only seconds after defendant and advised him he was under arrest, to which defendant responded with obscenities. Officer Dufrene then arrived at the house, advised defendant he was under arrest, and tried to grab defendant and subdue him. Defendant fought with Officer Dufrene. Trooper Long arrived and again told defendant he was under arrest; defendant punched Long in the face and chest two to three times. Trooper Long then attempted to use his flashlight to hit defendant's arms to subdue him, but defendant grabbed the flashlight and started swinging it at all of the officers. At this point, Trooper Long drew his gun and pointed it at defendant, ordering him to drop the flashlight. Long intended to shoot defendant at that point.
Defendant dropped the flashlight, grabbed Long's gun and shoved the barrel into Long's stomach. The trooper and defendant struggled for control of the gun. Trooper Long felt defendant searching for and trying to pull the trigger to discharge the gun into Long's stomach. Finally, after being struck by the other officers several times, defendant released the weapon. Defendant was handcuffed and placed in the police unit.

SUFFICIENCY OF THE EVIDENCE
By assignment of error number two, defendant contends that there was insufficient evidence to sustain the verdict for the aggravated battery conviction. Specifically, he argues that the trial court erred in accepting the responsive verdict of aggravated battery.
*552 We note that, in order to challenge a conviction on the basis of insufficiency of the evidence, defendant should proceed by way of a motion for a post-verdict judgment of acquittal. See La.C.Cr.P. art. 821 A; State v. Abrams, 527 So.2d 1057, 1059 (La.App. 1st Cir.1988). Nevertheless, we will consider a claim of insufficiency of the evidence which has been briefed pursuant to a formal assignment of error. State v. Abrams, 527 So.2d at 1059.
The standard of review for the sufficiency of the evidence is whether or not, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could conclude that the state proved the essential elements of the crime beyond a reasonable doubt. See La.C.Cr.P. art. 821; State v. Captville, 448 So.2d 676, 678 (La. 1984); State v. Abrams, 527 So.2d at 1059.
Relying on the analysis in State ex rel. Elaire v. Blackburn, 424 So.2d 246, 252 (La.1982), cert. denied, 461 U.S. 959, 103 S.Ct. 2432, 77 L.Ed.2d 1318 (1983), defendant argues that the evidence produced at trial was not sufficient to sustain a conviction of the greater offense of attempted first degree murder. Defendant argues that there was no intent to inflict great bodily harm on Trooper Long because he only sought "to protect himself against the bodily harm that he was receiving at the hands of the three police officers."
Aggravated battery is a statutory responsive verdict to a charge of attempted first degree murder. La.C.Cr.P. art. 814 A(2). Upon motion of the state or the defense, the trial court, in its discretion, may exclude a listed responsive verdict, if, after all the evidence has been submitted, there is no evidence to establish that responsive verdict. La.C.Cr.P. art. 814 C. If the defendant fails to object at a time when the trial court can correct the error, then the reviewing court may affirm the conviction, whether or not the evidence supports the responsive verdict returned by the jury, if the evidence would have supported a conviction of the greater offense. State ex rel. Elaire v. Blackburn, 424 So.2d at 252; State v. Benton, 453 So.2d 993, 996 (La. App. 1st Cir.), writ denied, 457 So.2d 17 (La.1984).
At trial, the jury instructions included a charge regarding the responsive verdict of aggravated battery. No objection was made by defense counsel to this jury instruction. The issue is being raised for the first time in this appeal.
Defendant's reliance on Blackburn is misplaced; the evidence herein supports the conviction of the responsive verdict, aggravated battery. To reach this verdict, the jury had to find that defendant intentionally used force or violence upon Trooper Long and used a dangerous weapon, the trooper's revolver.
General criminal intent, the intent required for aggravated battery, was also present. La.R.S. 14:10(2); State v. Trahan, 416 So.2d 65, 68 (La.1982). Furthermore, the testimony of the victim is sufficient to prove the offense charged. State v. Benton, 453 So.2d at 997. A reasonable trier of fact could have concluded beyond a reasonable doubt that the essential elements of an aggravated battery were proven based on the testimony that defendant turned the revolver into Trooper Long's stomach and attempted to fire it. Moreover, we conclude the evidence was also sufficient to find defendant guilty of the charged offense, attempted first degree murder.
Also, we note that a portion of defendant's argument actually is one involving the weight of the evidence, not its sufficiency. He contends that there is conflicting testimony about the struggle over the gun, a factual matter, the resolution of which depends on a determination of the credibility of the witnesses. On appeal, this court will not assess the credibility of witnesses or reweigh the evidence to overturn a fact finder's determination of guilt. State v. Matthews, 450 So.2d 644, 647 (La. 1984).
Thus, this assignment of error lacks merit.

*553 PATENT ERROR
In our review of the record, this court has noticed, ex proprio motu, that the instant offenses were improperly consolidated for trial.
Louisiana Constitution, Article I, Section 17, provides in pertinent part as follows:
A criminal case in which the punishment may be capital shall be tried before a jury of twelve persons, all of whom must concur to render a verdict. A case in which the punishment is necessarily confinement at hard labor shall be tried before a jury of twelve persons, ten of whom must concur to render a verdict. A case in which the punishment may be confinement at hard labor or confinement without hard labor for more than six months shall be tried before a jury of six persons ...
See also La.C.Cr.P. art. 782, which comports with the above constitutional requirements.
Herein, defendant was tried before a twelve person jury. The punishment for attempted first degree murder is necessarily confinement at hard labor, and trial by the twelve person jury was proper for that offense. See La.R.S. 14:30 C and 14:27 D(1). However, the crime of public intimidation is punishable with or without hard labor and, thus, is a relative felony requiring a six person jury. In a case where an accused is tried by a jury composed of either more or less than the correct number of jurors, the verdict is null. State v. King, 524 So.2d 1376, 1382 (La. App. 1st Cir.1988). Thus, defendant's conviction for the crime of public intimidation is null and must be reversed and set aside.
We do not, however, find it necessary to reverse and set aside defendant's conviction and sentence for the aggravated battery. We note that the record reflects that defendant neither objected to consolidated trials on the offenses charged in separate indictments nor to the mode of trial. We find that defendant was not prejudiced by the consolidated trials. The defendant's acts of use of force upon Trooper Long fell within the res gestae; and evidence of those acts would have been admissible if defendant had been charged and tried only as to the attempted first degree murder charge. Furthermore, the facts of the case were not so complex as to confuse the jury. See former La.R.S. 15:447 and 15:448; La. C.E. art. 404B(1); Cf. State v. King, 524 So.2d at 1382-1383.
We also note a patent sentencing error caused by the trial court's failure to give defendant credit for time served. See La.C.Cr.P. art. 880. Accordingly, we amend the sentence to reflect that defendant is to be given credit for time served prior to execution of his sentence. See La.C.Cr.P. art. 882 A; see also State v. Greer, 572 So.2d 1166, 1172 (La.App. 1st Cir.1990). Resentencing is not required. However, we remand the case and order the district court to amend the commitment and the minute entry of the sentencing to reflect that defendant is to be given credit for time served.

DOUBLE JEOPARDY
By assignment of error number three, defendant contends that "the trial court erred in finding him guilty of" both aggravated battery of a police officer and public intimidation of a police officer. Specifically, he argues that the trial judge violated the prohibition against double jeopardy contained in the federal and state constitutions. See U.S. Const.Amend. 5; La.Const. Art. 1, § 15 (1974).[1] Although we are reversing the conviction for public intimidation because of the patent error noted above, in the interest of judicial efficiency, we nevertheless choose to address this assignment of error because the defendant may again raise his double jeopardy argument should the State decide to retry him on the public intimidation charge.
Louisiana Code of Criminal Procedure article 596 provides that double jeopardy exists *554 in a second trial only when the charge in that trial is:
(1) Identical with or a different grade of the same offense for which the defendant was in jeopardy in the first trial, whether or not a responsive verdict could have been rendered in the first trial as to the charge in the second trial; or
(2) Based on a part of a continuous offense for which offense the defendant was in jeopardy in the first trial.
In determining whether the double jeopardy clause bars subsequent prosecution, the Louisiana Supreme Court has utilized both the Blockburger[2] test and the "same evidence" test, although in recent years, it principally has relied upon the "same evidence" test when evaluating double jeopardy claims. State v. Miller, 571 So.2d 603, 606 (La.1990). In Louisiana, the same evidence test depends upon the proof required to convict, not the evidence actually introduced at trial. Thus, if the evidence necessary to support the second charge would have been sufficient to support the former charge, double jeopardy prohibits the second prosecution. State v. Miller, 571 So.2d at 606.[3]
In Grady v. Corbin, 495 U.S. 508, 110 S.Ct. 2084, 2087, 109 L.Ed.2d 548 (1990), the United States Supreme Court held that "the Double Jeopardy Clause bars a subsequent prosecution if, to establish an essential element of an offense charged in that prosecution, the government will prove conduct that constitutes an offense for which the defendant has already been prosecuted." In Grady, the Court established a double jeopardy analysis involving the Blockburger test as follows: to determine whether a subsequent prosecution is barred by the double jeopardy clause, a court must first apply the traditional Blockburger test. If application of that test reveals that the offenses have identical statutory elements or that one is a lesser included offense of the other, then the inquiry must cease, and the subsequent prosecution is barred. Grady v. Corbin, 110 S.Ct. at 2090.
However, a subsequent prosecution must do more than survive the Blockburger test. The additional analysis is described in Grady v. Corbin, 110 S.Ct. at 2093, as follows:
[T]he Double Jeopardy Clause bars any subsequent prosecution in which the government, to establish an essential element of an offense charged in that prosecution, will prove conduct that constitutes an offense for which the defendant has already been prosecuted. This is not an "actual evidence" or "same evidence" test. The critical inquiry is what conduct the State will prove, not the evidence the State will use to prove that conduct. As we have held, the presentation of specific evidence in one trial does not forever prevent the government from introducing that same evidence in a subsequent proceeding. See, Dowling v. United States, 493 U.S. 342, 110 S.Ct. 668, 107 L.Ed.2d 708 (1990). On the other hand, a State cannot avoid the dictates of the Double Jeopardy Clause merely by altering *555 in successive prosecutions the evidence offered to prove the same conduct. (Footnotes omitted)
In the instant case, when the Blockburger test is applied it does not bar a subsequent prosecution for public intimidation. The offense of aggravated battery is the intentional use of force or violence upon the person of another by means of a dangerous weapon. La.R.S. 14:33 and 14:34. The offense of public intimidation is defined in La.R.S. 14:122(1), in pertinent part, as "the use of violence, force, or threats upon" a public officer or public employee, "with the intent to influence his conduct in relation to his position, employment, or duty." For an aggravated battery conviction, the law requires proof of use of a dangerous weapon. This element is not required for a public intimidation conviction. Furthermore, to convict a person of public intimidation, the offender's conduct must involve violence, force or threats on a specific person (public officer or employee, juror, witness, voter or election official at an election, or a school bus operator.) The aggravated battery statute does not specify the category of persons against whom the violence is used. Thus, each offense requires proof of an additional element which the other does not.
We must now continue the analysis by inquiring into the conduct the state will prove at a subsequent prosecution for public intimidation. We have reviewed the record and neither the bill of information, the bill of particulars, nor the answers to discovery reveal the specific conduct the state will argue constituted the public intimidation. However, if the state chooses to prosecute defendant for public intimidation based on defendant's conduct in shoving the revolver into Trooper Long's stomach, that prosecution would be barred; defendant has already been prosecuted for that conduct. Grady v. Corbin, supra. However, the transcript before us reveals other conduct by defendant (e.g. defendant fighting with Trooper Long and striking the trooper with his fists) for which defendant may be prosecuted for the crime of public intimidation. Thus, applying the additional Grady analysis, we do not find that double jeopardy bars a subsequent prosecution for public intimidation if based on conduct by defendant other than that for which defendant has already been prosecuted.
CONVICTION FOR AGGRAVATED BATTERY AFFIRMED; SENTENCE FOR AGGRAVATED BATTERY AMENDED; CONVICTION AND SENTENCE FOR PUBLIC INTIMIDATION REVERSED AND VACATED; CASE REMANDED WITH ORDER.
NOTES
[1] Herein, we reverse and vacate defendant's public intimidation conviction and sentence due to error patent on the fact of the record. Accordingly, we do not consider assignment of error number one. However, because of the possibility of retrial for that offense, we chose to address defendant's double jeopardy claim.
[2] Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).
[3] The United States Supreme Court discussed the "same evidence test" at footnote 12 in Grady v. Corbin, 495 U.S. 508, 110 S.Ct. 2084, 2093, 109 L.Ed.2d 548 (1990), as follows:

Terminology in the double jeopardy area has been confused at best. Commentators and judges alike have referred to the Blockburger test as a "same evidence" test. See e.g., Note, The Double Jeopardy Clause as a Bar to Reintroducing Evidence, 89 Yale L.J. 962, 965 (1980); Ashe [v. Swenson], 397 U.S. [436], at 448, 90 S.Ct. [1189], at 1196, [25 L.Ed.2d 469] [(1970) ] (BRENNAN, J., concurring). This is a misnomer. The Blockburger test has nothing to do with the evidence presented at trial. It is concerned solely with the statutory elements of the offenses charged. A true "same evidence" or "actual evidence" test would prevent the government from introducing in a subsequent prosecution any evidence that was introduced in a preceding prosecution. It is in this sense that we discuss, and do not adopt, a "same evidence" or "actual evidence" test.
Louisiana's same evidence test, which depends upon proof required to convict rather than evidence introduced at trial, would appear to comport with the initial (Blockburger) analysis still required by Grady. However Grady now requires an additional analysis of the conduct to be proven by the state, which broadens the traditional double jeopardy analysis used in Louisiana courts.