|, GASKINS, J.
The defendant, Ronald Wayne Peace, appeals his convictions and sentences for one count of malfeasance in office, a violation of La. R.S. 14:134.1, and one count of indecent behavior with a juvenile, a violation of La. R.S. 14:81. Because the defen *631 dant was improperly tried before a twelve-person jury, we find his convictions and sentences are null. We vacate the convictions and sentences and remand for new trial.
FACTS
The defendant was a 30-year-old child care worker at the Northwest Louisiana Juvenile Detention Center in Red River Parish. The prosecution contends that on the evening of October 17, 1997, while the defendant was the shift supervisor at the detention center, he arranged to be alone in a laundry and storage room with a fifteen-year-old female juvenile detainee. At that point, the defendant allegedly engaged in three separate sexual acts with the victim. The defendant was arrested and charged with one count of malfeasance in office and one count of molestation of a juvenile, a violation of La. R.S. 14:81.2. On May 21,1998, the defendant was tried by a twelve-person jury which found him guilty as charged of malfeasance and guilty of indecent behavior with a juvenile, a lesser included offense to the molestation charge. The defendant appeared before the court for sentencing on July 8, 1998. He was ordered to serve three years on each count, with the sentences to run concurrently. The defendant filed a motion to reconsider sentence which was denied by the trial court on May 12, 1999. Also, on that date, the trial court granted the defendant an out-of-time appeal.
On February 10, 2000, this court noted an error in the size of the jury, which is discoverable on the face of the record and therefore may be noted without formal objection or an assignment of error. La. C.Cr.P. art. 920(2); State v. Smith, 367 So.2d 857 (La.1979); State v. Nedds, 364 So.2d 588 (La.1978). We issued 12an order requiring the parties to show cause why this matter should not be assigned for summary disposition without oral argument and why the convictions and sentences should not be vacated and remanded to the district court for a new trial. The parties were directed to present additional briefs on this issue.
The defendant filed assignments of error and a brief with this court. He complained that the evidence was not sufficient to support the convictions, that the sentences imposed were excessive, that the trial court erred in denying his motion to reconsider, and that, in pronouncing sentence, the trial court failed to comply with La.C.Cr.P. art. 894.1. After our order of February 10, 2000, the defendant also assigned as error the discrepancy in jury size, arguing that the convictions and sentences were null. In his brief, the defendant argues only the issue regarding the jury size. Because this matter may be decided on the issue of jury size alone, it is not necessary to reach any other issues.
JURY SIZE
The number of persons required for a jury in a criminal case is dictated by La. Const, art. 1, § 17(A), which provides:
(A) A criminal case in which the punishment may be capital shall be tried before a jury of twelve persons, all of whom must concur to render a verdict. A case in which the punishment is necessarily confinement at hard labor shall be tried before a jury of twelve persons, ten of whom must concur to render a verdict. A case in which the punishment may be confinement at hard labor or confinement without hard labor for more than six months shall be tried before a jury of six persons, all of whom must concur to render a verdict. The accused shall have a right to full voir dire examination of prospective jurors and to challenge jurors peremptorily. The number of challenges shall be fixed by law. Except in capital cases, a defendant may knowingly and intelligently waive his right to a trial by jury. [Emphasis supplied.]
Also, La.C.Cr.P. art. 782(A) provides, in pertinent part, that “Cases in which the punishment may be confinement at hard labor shall be tried by a jury composed of *632 six jurors, all of whom must concur to render a verdict.” [Emphasis supplied.]
Is/The defendant was charged with one count of malfeasance in office under La. R.S. 14:134.1 which provides:
A. It shall be unlawful and constitute malfeasance in office for any person who is a law enforcement officer, officer of the Department of Corrections, or employee of a prison, jail, or correctional institution, to engage in sexual intercourse or any other sexual conduct with a person confined in a prison, jail or correctional institution.
B. Whoever violates a provision of this Section shall be fined not more than ten thousand dollars, or imprisoned for not more than ten years, or both. [Emphasis supplied.]
The defendant was also charged with one count of molestation of a juvenile under La. R.S. 14:81.2 which provides in pertinent part:
A. Molestation of a juvenile is the commission by anyone over the age of seventeen of any lewd or lascivious act upon the person or in the presence of any child under the age of seventeen, where there is an age difference of greater than two years between the two persons, with the intention of arousing or gratifying the sexual desires of either person, by the use of force, violence, duress, menace, psychological intimidation, threat of great bodily harm, or by the use of influence by virtue of a position of control or supervision over the juvenile. Lack of knowledge of the juvenile’s age shall not be a defense.
[[Image here]]
C. Whoever commits the crime of molestation of a juvenile when the offender has control or supervision over the juvenile shall be fined not more than ten thousand dollars, or imprisoned, with or ivithout hard labor, for not less than one nor more than fifteen years, or both.... [Emphasis supplied.]
It is clear that the offense of molestation of a juvenile carries a penalty which may be imposed with or without hard labor and may be tried only by a six-member jury. As to malfeasance under La. R.S. 14:134.1, the state points out that the statute does not specify whether any term of imprisonment imposed is to be served with or without hard labor. Therefore, the state contends that the legislature |4must have intended the penalty to be imposed necessarily with hard labor. This argument is made even though similar statutes on malfeasance specify that the penalty is to be imposed with or without hard labor. See La. R.S. 14:134 and 14:134.2. If the state was correct in its argument that malfeasance necessarily carried a penalty of imprisonment with hard labor, making it triable by a twelve-member jury, then that charge could not have been properly joined with the molestation charge for trial. However, we find the state’s reasoning to be in error.
Even though the penalty provision under La. R.S. 14:134.1 does not specify whether any term of imprisonment imposed is to be served with or without hard labor, it does provide for a fine or imprisonment or both. Where penalties provide for either a fine or imprisonment, the penalty does not necessarily require hard labor and the defendant is not entitled to be tried on that charge by a twelve-member jury. See State v. Rabbas, 278 So.2d 45 (La.1973); State v. Gardner, 351 So.2d 105 (La.1977). In this case, both offenses were triable by a six-member jury. Therefore, the two offenses could properly be joined for trial under La.C.Cr.P. art. 493 which provides:
Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme *633 or plan; provided that the offenses joined must be triable by the same mode of trial [Emphasis supplied.]
Our jurisprudence provides that when a defendant is charged with an offense triable by a six-member jury and he is tried by a jury of twelve members, the verdict and sentence are null. In State v. Nedds, supra, the defendant was charged with theft and tried and convicted by a twelve-member jury.' Citing La. Const. art. 1, § 17 and La.C.Cr.P. art. 782, the court noted that it has consistently held that a jury composed of either more or less than the correct number of jurors renders the verdict null. Therefore, the case must be reversed and remanded to the | Btrial court for a new trial. This rule was reiterated in State v. Smith, supra, and State v. Marcantel, 388 So.2d 383 (La.1980). In State v. Smith, supra, the supreme court stated that error in the size of the jury is discoverable on the face of the record and therefore may be noted ex proprio motu, without formal objection or an assignment of error.[1] The rule announced in State v. Nedds, supra, has been followed by the appellate courts of this state. See State v. Clark, 589 So.2d 549 (La.App. 1st Cir.1991), unit denied, 592 So.2d 1333 (La.1992); State v. Adams, 525 So.2d 1256 (La.App. 1st Cir.1988), writ denied, 532 So.2d 130 (La.1988); State v. King, 524 So.2d 1376 (La.App. 1st Cir.1988); State v. Pollard, 438 So.2d 1208 (La.App. 3d Cir.1983), unit denied, 443 So.2d 1125 (La.1984). Accordingly, because the defendant’s convictions and sentences are invalid in this case due to improper jury size, they are hereby vacated and the matter is remanded to the trial court for a new trial.
FAULTY INDICTMENT
In his brief, the defendant notes that the grand jury indictment under which he was charged is signed only by the district attorney. It is not signed by the foreperson of the jury nor is it indorsed “a true bill” as required by La.C.Cr.P. art. 383. The defendant argues that these discrepancies render the indictment fatally defective and the error is discoverable from the face of the record. This argument is without merit.
In the instant case, it was not necessary to charge the defendant by indictment because his possible punishment did not include death or life imprisonment. La. C.Cr.P. art. 382. Thus, it was sufficient to charge the defendant by information, which is a written accusation signed by the district | ^attorney and filed in open court. La.C.Cr.P. art. 384. The document by which the defendant was charged complied with these requirements, albeit wrongly titled.
Further, according to La.C.Cr.P. art. 535(C), a motion to quash an indictment on such grounds must be filed in accordance with La.C.Cr.P. art. 521, i.e., within 15 days of the arraignment, unless a longer period is fixed by the court. Such error, even if error patent, is waived by the defendant’s failure to file a motion to quash prior to trial. State v. Miller, 98-642 (La.App. 3d Cir.10/28/98), 720 So.2d 829, writ denied, 98-3119 (La.5/14/99), 741 So.2d 659. Since, in the present case, no motion to quash was timely filed, this argument is without merit.
CONCLUSION
For the reasons stated above, we find the convictions and sentences of the defendant, Ronald Wayne Peace, for malfeasance in office and for indecent behavior with a juvenile, to be invalid due to improper size of the jury. The convictions and sentences are vacated and the matter is remanded to the district, court for a new trial.
*634 VACATED; REMANDED FOR NEW TRIAL.

. However, where trial was improperly begun before a twelve-person jury and the excess jurors were dismissed before deliberation, the supreme court ruled that the verdict was valid. State v. Mosley, 425 So.2d 764 (La.1983). See also State v. Boudreaux, 526 So.2d 230 (La.App. 5th Cir.1988), writ denied, 532 So.2d 176 (La.1988).