IgDECUIR, Judge.
The Defendant, Wayne Jasper Prater, was charged by bill of information with driving while intoxicated, third offense, a violation of La.R.S. 14:98. Under a separate docket number, the Defendant was also charged with aggravated battery, a violation of La.R.S. 14:34. On November 13, 2001, trial commenced on both charges. On November 15, 2001, a twelve-person jury found the Defendant guilty of driving while intoxicated, third offense, and simple battery, a responsive verdict to the aggravated battery charge. He was sentenced to five years at hard labor and fined $2,000.00, plus court costs, for the DWI conviction and ninety days in the parish jail on the battery conviction. On appeal of the DWI conviction, the Defendant contends the trial court erred in imposing an illegal and excessive sentence for the conviction of driving while intoxicated, third offense.
Because the Defendant was improperly tried before a twelve-member jury, we conclude that his conviction and sentence are null and must be vacated.

FACTS:

On August 11, 2000, the Defendant was stopped in his vehicle by Officer Chad Romero for driving with a broken taillight. The officer smelled an odor of alcohol. He ran a check on the Defendant’s driving record and criminal history and learned that the Defendant had been arrested on numerous driving while intoxicated charges. The officer informed the Defendant he was going to conduct a field sobriety test. The Defendant then ran back to his vehicle with Officer Romero in pursuit. As Romero attempted to pull him from his *97 truck, the Defendant accelerated, running over Romero’s leg with the rear tire of his truck. The officer suffered a bruised leg. The Defendant was apprehended and taken into custody. A blood test was administered which showed a blood alcohol concentration of 0.14 percent.
| ¿ERRORS PATENT:
Article 1, Section 17(A) of the Louisiana Constitution provides that a case in which punishment may be confinement with hard labor or without hard labor for more than six months shall be tried before a jury of six persons, all of whom must concur in the result. Additionally, La.Code Crim.P. art. 782 provides in pertinent part: “[c]ases in which the punishment may be confinement at hard labor shall be tried by a jury composed of six jurors, all of whom must concur to render a verdict.”
Pursuant to these provisions, the two charges which the Defendant faced at trial were both triable by a jury of six members. La.R.S. 14:98, the DWI statute, provides for punishment of confinement with or without hard labor for not less than one year or more than five years. A person tried under La.R.S. 14:34, aggravated battery, is exposed to a sentence of imprisonment with or without hard labor for not more than ten years. The record before this court shows that a jury of twelve, with one alternate, was selected to try this case. Before deliberations, only the alternate was excused. Consequently, twelve persons, rather than the six required by law, rendered a verdict on the charges of driving while intoxicated, third offense, and aggravated battery.
In State v. Smith, 367 So.2d 857, 858 (La.1979), the supreme court stated:
We have consistently held that the verdict returned by a jury composed of either more or less than the correct number of jurors is null. See, State v. Nedds, 364 So.2d 588 (La.1978), and cases cited therein.
... [A]n error in the size of the jury is discoverable on the face of the record and therefore we may note it ex proprio motu without formal objection or an assignment of error. See, La.C.Cr.P. Art. 920(2); State v. Nedds, supra.
See also, State v. Mouton, 94-1074, p. 8 (La.App. 3 Cir. 3/27/96), 672 So.2d 192.
In State v. Peace, 33,719 (La.App. 2 Cir. 8/23/00), 766 So.2d 630, the defendant was tried by a twelve-person jury which found him guilty of malfeasance and indecent behavior with a juvenile. On appeal, the second circuit noted an error [4in the size of the jury which was discoverable on the face of the record. The court ordered the parties to show cause why the matter should not be assigned for summary disposition without oral argument and why the convictions and sentences should not be vacated and remanded to the district court for a new trial. In response, the defendant assigned the issue as error. The court held in pertinent part:
Our jurisprudence provides that when a defendant is charged with an offense triable by a six-member jury and he is tried by a jury of twelve members, the verdict and sentence are null. In State v. Nedds, supra, the defendant was charged with theft and tried and convicted by a twelve-member jury. Citing La. Const. art. 1, § 17 and La.C.Cr.P. art. 782, the court noted that it has consistently held that a jury composed of either more or less than the correct number of jurors renders the verdict null. Therefore, the case must be reversed and remanded to the trial court for a new trial. This rule was reiterated in State v. Smith, supra, and State v. Marcantel, 388 So.2d 383 (La.1980). In State v. Smith, supra, the supreme court stated that error in the size of the jury *98 is discoverable on the face of the record and therefore may be noted ex proprio motu, without formal objection or an assignment of error. The rule announced in State v. Nedds, supra, has been followed by the appellate courts of this state. See State v. Clark, 589 So.2d 549 (La.App. 1st Cir.1991), writ denied, 592 So.2d 1333 (La.1992); State v. Adams, 525 So.2d 1256 (La.App. 1st Cir.1988), writ denied, 532 So.2d 130 (La.1988); State v. King, 524 So.2d 1376 (La.App. 1st Cir.1988); State v. Pollard, 438 So.2d 1208 (La.App. 3d Cir.1983), writ denied, 443 So.2d 1125 (La.1984). Accordingly, because the defendant’s convictions and sentences are invalid in this case due to improper jury size, they are hereby vacated and the matter is remanded to the trial court for a new trial. [Footnotes omitted.]
766 So.2d 630, 632-633.
Louisiana jurisprudence requires that we vacate the Defendant’s conviction. We do so reluctantly, however, as we find no prejudice to the Defendant in the proceedings below. In fact, the Defendant’s conviction by a twelve-member jury provided him with greater protections than that required by law. We agree with Justice Dennis’ views on the subject as expressed in his dissent in State v. Nedds, 364 So.2d 588, 589 (La.1978), which we quote in its entirety:
Defendant was convicted of a relative felony by a jury of twelve persons. Pri- or decisions of this Court have held that such a defect in the ^proceedings requires remand, State v. Rabbas, 278 So.2d 45 (La.1973); and several decisions have even treated jury size as jurisdictional, State v. Reeves, 128 La. 37, 54 So. 415 (1911). This position would be justified in those cases where a defendant is convicted by a jury composed of fewer persons than the law mandates. However, where the defendant is convicted by a larger jury, he has, in effect, been provided greater protection than the minimum required by law. Defendant alleged no prejudice; and I am unable to perceive how the defendant could be prejudiced by a jury composed of twelve rather than six persons. Moreover, since the defendant could have waived the jury entirely, his going to trial before a twelve person jury instead of a six person jury should constitute a waiver of his right to a trial by the smaller jury.
Nonetheless, because the jury size was improper, the Defendant’s conviction and sentence on the DWI charge are hereby vacated and the matter is remanded to the trial court for proceedings consistent with this opinion. The assignment of error submitted by the Defendant is rendered moot.
CONVICTION AND SENTENCE VACATED; CASE REMANDED.