488 P.2d 1045

The STATE of Utah, Plaintiff and Respondent,

v.

Steve CHEELESTER, Defendant and Appellant.

No. 12331.

Supreme Court of Utah.
Sept. 22, 1971.

Lynn R. Brown, Ogden, for defendant and appellant.

Vernon B. Romney, Atty. Gen., Lauren N. Beasley, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

ELLETT, Justice.

The appellant was convicted by a jury of the crime of rape. On this appeal he does not contend that the victim was not forcibly raped. At trial he offered no testimony tending to show that he was not the culprit. He simply argues on this appeal that the victim should not be permitted to tell the jury that she recognizes him as the one who perpetrated the act.

The victim was an eighteen-year-old mother of one child and was at the time pregnant with another. While her husband, a musician, was playing at a dance some 40 miles distant, the rapist entered her bedroom—apparently through an open window—and perpetrated a rape upon her. He was with his victim for over two hours. While no lights were turned on inside the home during this interval of time, there were bright lights outside which cast enough light into the house to enable the

victim to give the police the following description of her assailant: "I told them he was short and kind of heavy set and he was an Indian, and that he wore glasses, and he was—he had kind of a bad complexion."

The police showed a book of pictures of likely suspects to the victim, but she was unable to identify the assailant as being one whose picture was shown to her. Finally another picture was shown to her, which she recognized as being that of her assailant.

The appellant was arrested the next day, and a line-up of six men was scheduled for two p. m. Notice was given counsel for the appellant some two or two and a half hours prior to the line-up; however, he did not appear.

The appellant now claims that it was error to allow the victim to recognize him and to tell the jury that he was the one who raped her. He claims that there are some federal cases which support his position. If he is correct about that contention, then we cannot subscribe to any such holdings, for to do so would usurp the function of the jury. A judge cannot say as a matter of law that a witness cannot tell the jury that she recognizes the defendant as being the guilty person.

Witnesses may be as mistaken regarding the identification of a person as they are on any other phase of their testimony. A witness even may be telling a falsehood, but it is the responsibility of the jury and not that of a judge to make that determination.

In the instant case the victim recognized the fifth man in the line-up as being her assailant; but to make doubly certain, she requested the officer in charge of the line-up to have each man speak. Again she recognized the voice of the appellant as being that of her assailant.

Appellant's counsel on this appeal did not try the case below. In a motion asking to be discharged as counsel for the appellant, the trial lawyer said:

1. The defendant has requested counsel to appeal this case to the Supreme Court of Utah. Having been the defense attorney at the jury trial of this case, counsel has concluded that there are no grounds for appeal and has informed defendant of this conclusion.

2. Having reached this conclusion, the movant is unable to continue to represent defendant consistently with his ethical obligations as an attorney. In order that it be absolutely clear that the attorney-client relationship has ceased, counsel moves this Court for an order permitting him to withdraw as counsel.

We agree with trial counsel and commend him for his high standard of ethical and moral principles. We do this without intending to impugn the motives of counsel on this appeal, who perhaps is doing his

duty as he sees it after reading the case of Anders v. California, 386 U.S. 738, 87 S. Ct. 1396, 18 L.Ed.2d 493, with which we cannot agree.

The judgment and sentence is affirmed.

CALLISTER, C. J., and TUCKETT, HENRIOD and CROCKETT, JJ., concur.