GUIDRY, Judge.
Defendant, Raymond W. Blister, was convicted of molestation of a juvenile, a violation of La.R.S. 14:81.2, and sentenced to four and one-half (4⅜) years at hard labor. On appeal, his indigent defense counsel requests only that we review the record for any errors that appear on its face, i.e., errors patent.
A review of the record reveals that the trial judge, during sentencing, failed to give the defendant credit for time served at the time of sentencing. We amend the sentence to give Blister credit for time previously served, if any, and remand this case to the trial court for amendment of the commitment and minute entry of the sentence to reflect that defendant is given credit for time served. C.Cr.P. art. 880; State v. Carr, 618 So.2d 1098 (La.App. 1st Cir.1993); State v. LaSalle, an unpublished writ bearing docket number K93-240 (La.App. 3rd Cir., June 14, 1993).
We also remand for the following additional reasons.
An appellate brief which seeks review only for errors patent must comply with the requirements of Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), as interpreted by the United States Fifth Circuit Court of Appeals in Lofton v. Whitley, 905 F.2d 885 (5th Cir.1990), a federal habeas corpus appeal of State v. Lofton, 442 So.2d 796 (La.App. 4th Cir.1983). In Lofton, the federal appeals court concluded that the defendant was denied effective assistance of counsel on appeal because his counsel filed a brief which did not assert arguable error, but merely requested patent error review. In doing so, defense counsel effectively withdrew from the case without complying with the requirements of Anders, in which the United States Supreme Court stated as follows:
[I]f counsel finds [the] case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel’s brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court — not counsel — then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel’s request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires. On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal.
Id. 386 U.S. at p. 743, 87 S.Ct. at p. 1400.
In response to Lofton, the Louisiana Fourth Circuit Court of Appeal adopted an internal rule specifically governing the processing of errors patent cases to assure compliance with Anders and Lofton. This rule, *957 as well as its developmental history, is set out in State v. Benjamin, 573 So.2d 528 (La.App. 4th Cir.1990), and was recognized as proper in State v. Watkins, 617 So.2d 921 (La.1993). This court has not adopted a similar internal rule. It is, however, clear that the procedures outlined in Benjamin must be followed to assure proper compliance with Anders and Lofton. Therefore, we hereby adopt those guidelines and apply them to this case.
The record in the case sub judice indicates that defense counsel failed to indicate that he conducted a detailed review of the procedural history and the facts of the case prior to filing the appellate brief requesting errors patent review. Additionally, counsel does not attempt to withdraw because he believes there are no non-frivolous issues to be raised on appeal. We remand the case with instructions that the trial court order appointed defense counsel to conduct a thorough review of the record and file new assignments of error with the trial court, or, if he finds that there are no non-frivolous issues to be raised, to follow the Benjamin procedures.
AFFIRMED AS AMENDED AND REMANDED.