653 So.2d 1360 (1995)
STATE of Louisiana, Plaintiff-Appellee,
v.
Michael Allen MOUTON, Defendant-Appellant.
No. CR94-1074.
Court of Appeal of Louisiana, Third Circuit.
April 12, 1995.
*1361 Keith A. Stutes, Asst. Dist. Atty., for the State of La.
G. Paul Marx, Lafayette, for Michael Allen Mouton.
Michael Allen Mouton, pro se.
Before DOUCET, Chief Judge, LABORDE, YELVERTON, KNOLL, THIBODEAUX, COOKS, WOODARD, DECUIR, PETERS and SULLIVAN, JJ.[*]
KNOLL, Judge.
Michael Allen Mouton, an indigent defendant, was convicted by a twelve member jury of distribution of cocaine, a violation of LSA-R.S. 40:967. On September 30, 1992, he was sentenced to ten years at hard labor. On June 2, 1994, defendant was granted an out of time appeal, and on August 10, 1994, G. Paul Marx was appointed to represent defendant in his direct appeal to this court.
On appeal, defendant's attorney did not file assignments of error. Instead, Mr. Marx filed what is commonly referred to as an Anders brief, after the 1967 California case of Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Along with the Anders brief, Mr. Marx filed a motion to withdraw as appeal counsel because he could find no non-frivolous issues upon which to base assignments of error. This is the common procedure utilized when an Anders brief is filed. For the following reasons, we do not recognize Mr. Marx's Anders brief and deny his motion to withdraw as defendant's appeal counsel.[1]
In Anders v. California, supra, the defendant's counsel challenged California's then existing appellate procedure by filing a brief stating that the appeal had no merit, and requested to withdraw. The defendant's conviction was affirmed throughout California's appeal process. In a habeas corpus proceeding, the United States Supreme Court reversed the conviction, finding the appeal procedure to be constitutionally infirm in that it violated defendant's rights to due process and equal protection of the laws. The Supreme Court then suggested a procedure that would meet constitutional muster when appeal counsel requests to withdraw.
Since the 1967 Anders decision, slowly but surely the Supreme Court's suggested procedure has eked its way throughout the nation and has become known as the Anders brief. The Anders procedure is not without justly deserved criticism in our view, and is totally rejected by some states.[2] In our view, which is detailed below, the Anders brief is appropriate for those appellate jurisdictions which allow appeal counsel to find an appeal frivolous and request to withdraw on those grounds. We find the Anders procedure constitutionally infirm and reject its application. Louisiana has an effective appellate procedure that affords indigent defendants a higher standard of constitutional protection than that offered by the Anders brief.
*1362 We note with favor the following well established safeguards in our criminal justice system. Our criminal justice system is adversarial. The defendant is presumed innocent until proven guilty beyond a reasonable doubt. The defendant is entitled to a fair trial with benefit of counsel. The defendant's conviction is not final until he has exhausted all of his appeals. The defendant is entitled to an attorney for his direct appeal. Under the Louisiana Constitution, the defendant is entitled to a direct appeal as a matter of right. All of these constitutional safeguards are utilized to assure that only the guilty will be convicted. We recognize that because the constitutional burdens are so great, in some instances the guilty are not convicted, but we further recognize that this is better than possibly convicting an innocent person. Thus, we find that the same duty of representation counsel owes a defendant during the trial on the merits is owed to the defendant on direct appeal. We find that the Anders brief effectively wipes out a defendant's right to counsel on appeal and forces the judiciary to become his advocate.
We find it inappropriate that defendant's counsel states in his Anders brief: "Considering the facts of the case, Appellate Counsel can find no non-frivolous issues upon which to base an assignment of errors or to brief them, and has therefore tendered a motion to withdraw."[3] First, we find the statement inappropriate because it is not appellate counsel's function to judge the merits of his client's appeal; that function belongs only to the judiciary. Secondly, while we may find a claim to be meritless, we do not deem criminal appeals to be frivolous. We regard a criminal appeal as a sacred constitutional right of a defendant to exercise if he so desires and further challenge the correctness of his conviction.
The Anders brief forces the defendant to represent himself. In the casesub judice, the defendant filed a brief to the best of his ability, pointing out what he thought were meritorious claims. In defendant's pro se motion to stay the proceedings, he states that he disagrees with his appellate counsel: "Petitioner disagrees with counsel, there are several errors that were made during the trial, some of Constitution [sic] magnitude." This illustrates the gravity of the conflict that the Anders brief creates. The defendant is not only battling the prosecution alone, but he must also defend his position against his own attorney. In our view, we find it incredible that the defendant's court appointed counsel, to which defendant is constitutionally entitled, is allowed on defendant's direct appeal to assume a position that helps the prosecution. This absurdity is only created by the Anders brief, which we find is foreign and antagonistic to the American criminal justice system.
Thus, we find that the Anders brief filed by Mr. Marx in the case sub judice is constitutionally infirm, as it denies defendant effective assistance of counsel on direct appeal to which defendant is entitled as a matter of right. Accordingly, this court will not accept the brief filed by Mr. Marx and we order that it be stricken. We deny his motion to withdraw.[4] With this opinion, we announce to the bar that this circuit will not entertain briefs that invoke the Anders procedure, and we hereby expressly overrule State v. Brister, 626 So.2d 955 (La.App. 3rd Cir.1993).
Accordingly, counsel for appellant is ordered to file assignments of error with the trial court within ten (10) days. The Clerk of Court for the Parish of Lafayette shall file with this court a supplemental record containing the assignments of error and any per curiam comments filed by the district court within ten (10) days of the filing of the assignments of error.
*1363 Counsel for defendant is further ordered to file a brief addressing the assignments of error in compliance with this ruling within twenty-five (25) days from the date of this opinion. The appellee is given forty-five (45) days from the date of this opinion in which to file a brief.
ANDERS BRIEF STRICKEN; MOTION TO WITHDRAW DENIED; CASE REMANDED FOR THE FILING OF ASSIGNMENTS OF ERROR AND BRIEFING.
YELVERTON, J., dissents and assigns written reasons.
DOUCET, C.J., and DECUIR dissent for the reasons assigned by YELVERTON, J.

APPENDIX "A"
We note with interest that several of our sister states will not allow defendant's appellate counsel to file the Anders brief:
 The Supreme Court of New Hampshire: "Although our holding today forecloses counsel's ability to withdraw on the basis of an appeal's perceived frivolousness, it is our view that the procedure we adopt here, while different than that adopted by Anders, does not diminish a defendant's right to zealous appellate advocacy." New Hampshire v. Cigic, 138 N.H. 313, 639 A.2d 251, 254 (1994).
 The Supreme Court of Oregon: "The constitutional problem presented by the motion to withdraw is the potential for an indigent appellant to proceed unrepresented by counsel through the criminal appeal, in potential violation of the appellant's right to be represented by counsel on essentially equal terms with an appellant who can afford to hire counsel." Oregon v. Balfour, 311 Or. 434, 814 P.2d 1069, 1079 (1991).
 The Supreme Court of Mississippi: "The question presented here is whether a conscientious and diligently formed opinion by counsel that the appeal is without merit constitutes good cause. We hold today that it does not. Any other holding would impermissibly burden the indigent's right to the effective assistance of counsel incident to his appeal." Killingsworth v. Mississippi, 490 So.2d 849, 851 (Miss.1986).
 The Supreme Court of Georgia: "We conclude that the Anders motion is unduly burdensome in that it tends to force the court to assume the role of counsel for the appellant." Huguley v. Georgia, 253 Ga. 709, 324 S.E.2d 729, 731 (Ga.1985).
 The Supreme Court of North Dakota: "We believe our procedure offers the indigent defendant greater constitutional protection. We also are aware of the substantial saving of appellate court time due to the elimination of the initial supreme court determination of whether or not the appeal is frivolous. The elimination of the double procedure will also conserve county funds. This opinion also constitutes notice to all that henceforth this court will reject and not hear any proceedings designed only to determine whether or not an appeal is frivolous." North Dakota v. Lewis, 291 N.W.2d 735, 738 (N.D.1980).
 The Supreme Court of Idaho: "We therefore hold today that once counsel is appointed to represent an indigent client during appeal on a criminal case, no withdrawal will thereafter be permitted on the basis that the appeal is frivolous or lacks merit." Idaho v. McKenney, 98 Idaho 551, 568 P.2d 1213, 1214 (1977).
 The Court of Appeals of Indiana, citing the Supreme Court of Missouri in Missouri v. Gates, 466 S.W.2d 681 (Mo.1971); the Supreme Court of Utah in Utah v. Cheelester, 26 Utah 2d 300, 488 P.2d 1045 (1971); and the Supreme Court of Colorado in McClendon v. People of Colorado, 174 Colo. 7, 481 P.2d 715 (1971): "[We] conclude that petitioners seeking relief under the rules provided for post conviction remedies should be given the same right to effective counsel as they would in a direct appeal." Dixon v. Indiana, 152 Ind.App. 430, 284 N.E.2d 102, 106 (1972).
*1364 YELVERTON, Judge, dissenting.
I will comply with what a majority of this court has decided to do in this circuit, but I do not agree with it.
Our Louisiana Supreme Court has approved the Anders brief procedure adopted by the Louisiana Fourth Circuit in State v. Benjamin, 573 So.2d 528 (La.App. 4 Cir. 1990). State v. Watkins, 617 So.2d 921 (La. 1993); State v. Robinson, 590 So.2d 1185 (La.1992). Not only has it approved the Benjamin procedure but also the Supreme Court instructed the First Circuit to follow that procedure. State v. Royals, 600 So.2d 653 (La.1992). The Second Circuit adopted the Benjamin procedure in State v. Brown, 602 So.2d 252 (La.App. 2 Cir.1992). The Fifth Circuit adopted it in State v. Allen, 93-838 (La.App. 5 Cir. 5/31/94), 638 So.2d 394. We adopted it in State v. Brister, 626 So.2d 955 (La.App. 3 Cir.1993).
I do not think this circuit should become a lone wolf and start a practice inconsistent with what has been approved by our Supreme Court and is being used by the other circuits in this state. The appellate courts of this state are bound to follow the decisions of the state Supreme Court. Pelican State Associates, Inc. v. Winder, 219 So.2d 500 (La. 1969)
Also, there is no justification for ordering an attorney to present what he believes to be frivolous arguments on appeal. We are now forcing an attorney, who can find no non-frivolous issues, to make frivolous assignments of error and brief them. We are telling Mr. Marx not to worry, that we may find his appeal meritless but we won't find it frivolous. We comfort him and ourselves with the assurance that, by this means, he will be doing his job and we will be doing ours, and that the defendant will have been accorded the direct appeal to which he is constitutionally entitled.
The Anders brief does not deny the defendant the effective assistance of counsel on appeal. Even if it did, however, our new procedure will hardly remedy that denial. As foreseen by Judge Schott in the opinion in State v. Benjamin, 573 So.2d at 530, when we require appointed counsel to raise frivolous issues, he will be forced to refer to legal authorities which demonstrate that these issues are in fact frivolous. Will not this undermine his client's position? How does this comport with the indigent defendant's right to be assisted by an appellate attorney exercising professional competence and judgment? Is the defendant really going to be better off?
I respectfully dissent.
NOTES
[*] Judge John D. Saunders did not participate in this decision.

Judge Marc T. Amy has recused himself from consideration of this case.
[1] Inasmuch as the issue before us does not involve a law or ordinance, we can raise the constitutionality of the Anders brief. Holthus v. Louisiana State Racing Commission, 569 So.2d 547 (La.1990).
[2] See Appendix A.
[3] All Anders briefs make this statement; we are not singling out Mr. Marx.
[4] Defendant, in representing himself, filed a motion to stay the proceedings and a brief raising several complaints. We deny defendant's motion to stay. In view of our treatment of the Anders brief, defendant's pro se brief is likewise ordered stricken and the permission previously granted the defendant to proceed pro se is revoked. See Local Rules of the Court of Appeal, Third Circuit, Internal Rule 4. We hereby forward the defendant's pro se brief to defense counsel for consideration.