JiKNOLL, Judge.
Defendant, Michael Allen Mouton (Mouton), was convicted and sentenced to ten years at hard labor for distribution of cocaine, a violation of La.R.S. 40:967. On his first direct appeal, Mouton’s court-appointed counsel, utilizing what is commonly known as an “Anders brief,” filed a motion to withdraw and sought an errors patent review pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Mouton subsequently filed a pro se appellate brief with one pro se assignment of error.
In State v. Mouton, 94 — 1074 (La.App. 3 Cir. 4/12/95), 653 So.2d 1360, we denied defense counsel’s motion to withdraw, ordered both the defendant’s pro se brief and defense counsel’s Anders brief stricken, ordered defense counsel to file assignments of error with the district court, ordered defense counsel to submit a true advocate’s brief on behalf of 'his client, and declined for the reasons listed therein to consider any future Anders briefs in the Third Circuit.
┴2However, the Louisiana Supreme Court granted writs in State v. Mouton, 95-0981 (La. 4/28/95), 653 So.2d 1176, and vacated our decision. In the same opinion, the Louisiana Supreme Court reinstated our earlier procedure dealing with Anders briefs as enunciated in State v. Brister, 626 So.2d 955 (La.App. 3 Cir.1993). In Brister, we basically adopted the Fourth Circuit’s method that it approved in State v. Benjamin, 573 So.2d 528 (La.App. 4 Cir.1990). The Louisiana Supreme Court also found that defense counsel’s motion to withdraw complied with the procedures set forth in Benjamin. Mouton, 653 So.2d 1176.
Pursuant to the Louisiana Supreme Court’s directive, we will perform an Anders review as set forth in Brister, Benjamin, and Lofton v. Whitley, 905 F.2d 885 (5th Cir.1990). We will also review the defendant’s only pro se assignment of error. For the following reasons, defense counsel’s motion to withdraw is hereby granted and the defendant’s conviction and sentence are affirmed.[1]
FACTS
On September 14, 1991, the Lafayette Metro Narcotics Agency conducted a sting operation with the assistance of undercover officers from surrounding jurisdictions. Shortly after midnight, at the intersection of Thirteenth Street and South Sterling, Mou *194 ton and an accomplice sold two pieces of crack cocaine to two undercover police officers in exchange for a marked twenty dollar bill. Mouton’s partner in crime negotiated the exchange while Mouton stood beside him with the crack cocaine stored in his mouth.[2] Mouton was dressed in a distinctive blue work Isuniform with a white patch. After coming to terms with the undercover police officers, Mouton’s partner asked Mouton for the two pieces of crack cocaine stored in his mouth. Mouton then spit out the contraband and gave it to his partner. Minutes after the exchange, Mouton and his accomplice were identified, arrested, and charged with .the unlawful distribution of crack cocaine. On January 21, 1992, the State charged Mouton by bill of information with distribution of crack cocaine. On September 24,1992, Mouton was tried by jury and convicted of the charged offense. On September 30, 1992, Mouton was sentenced to ten years at hard labor.
DEFENSE COUNSEL’S MOTION TO WITHDRAW
Since 1963, the United States Supreme Court has recognized that an indigent defendant has the right to court-appointed counsel for the preparation of his first direct appeal. Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963). However, four years later, in Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), the Supreme Court had to determine whether an indigent defendant’s right to court-appointed counsel on appeal could be satisfied by an attorney who merely informs the court that he can find no non-frivolous issues to appeal and then requests that his client be allowed to appeal pro se.
While addressing this problem, the Supreme Court in Anders explored the conflicting ethical duties owed by a court-appointed lawyer. On the one hand, the Court recognized that an attorney has an obligation to advance the interests of his client and to satisfy the Ghent’s right to effective assistance of counsel on appeal. However, on the other hand, the Court recognized that an attorney’s obligation to zealously advance his Ghent’s interests is limited by the attorney’s duty not to mislead or present frivolous arguments to a court. Attempting to satisfy these two competing ethical duties and the indigent defendant’s right to effective assistance of counsel on |4appeal, the Anders court set forth a method whereby a court-appointed attorney could withdraw from an indigent defendant’s case:
The constitutional requirement of substantial equality and fair process can only be attained where counsel acts in the role of an active advocate in behalf of his chent, as opposed to that of amicus curiae. The no merit-letter and the procedure it triggers do not reach that dignity. Counsel should, and can with honor and without conflict, be of more assistance to his chent and to the court. His role as advocate requires that he support his Ghent’s appeal to the best of his ability. Of course, if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel’s brief should be furnished the indigent and time allowed him to raise any points that he chooses; the. court — not counsel — then proceeds, after a full examination of ah the proceedings, to decide whether the ease is wholly frivolous. If it so finds it may grant counsel’s request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires. On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal.
386 U.S. at 744, 87 S.Ct. at 1400. (Footnote omitted).
Since 1963, the Court has continued to reaffirm, define, and debate the principles originally set fourth in Anders. See McCoy *195 v. Court of Appeals of Wisconsin, 486 U.S. 429, 108 S.Ct. 1896, 100 L.Ed.2d 440 (1988); Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Pennsylvania v. Finley, 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987); Evitts v. Lucey, 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985); Jones v. Barnes, 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983).
The United States Supreme Court’s decision in Anders and following decisions had little real impact in Louisiana until 1990, when the Federal Fifth Circuit Court of Appeals, in Lofton v. Whitley, 905 F.2d 885 (5th Cir.1990), interpreted Anders and its progeny. In Lofton, the defendant was convicted of second-degree murder. On his first direct appeal, Lofton’s court-appointed appellate counsel filed only a two |spage brief.[3] In response, the Louisiana Fourth Circuit Court of Appeal affirmed the defendant’s conviction and sentence with a brief opinion reviewing the record for any patent errors. State v. Lofton, 442 So.2d 796 (La.App. 4 Cir.1983).[4]
After Lofton exhausted all of his remaining state remedies, he filed a pro se petition for writ of habeas corpus in federal district court. After the district court denied his petition, Lofton appealed to the Federal Fifth Circuit and asserted, inter alia, that he had been denied effective assistance of counsel in his state court appeal. The Federal Fifth Circuit Court of Appeals agreed with the defendant and ordered the Louisiana Fourth Circuit Court of Appeal to grant Lof-ton a direct, out-of-time appeal with the assistance of competent counsel.
However, before reaching ■ its conclusion that Lofton had been denied effective assistance of counsel as set forth in Anders and its progeny, the Federal Fifth Circuit held that Louisiana’s long-standing errors patent review pursuant to La.Code Crim.P. art. 920 was insufficient to satisfy the constitutional requirement set forth in Anders that an appellate court review a defendant’s record to determine whether there | ^were any non-frivolous issues on appeal. As stated by the Federal Fifth Circuit in Lofton:
This does not provide the “full examination of all the proceedings(s) to decide whether the case is wholly frivolous” which is required by Anders. Nor does it appear that the federal district court thoroughly examined the record for errors, either those asserted by Lofton or those that he, as a pro se petitioner, may have missed. Given the limited scope of review, we cannot conclude beyond a reasonable doubt that Lofton had no nonfrivolous grounds for appeal, or that the error in failing to brief any issues was harmless.
905 F.2d at 888-89.
While the Federal Fifth Circuit determined that Louisiana’s errors patent review does not meet the constitutional requirements under Anders, it has not squarely defined the parameters or extent of review needed to conduct a “full examination of all the proceedings” to decide whether the complete record of a defendant’s case presents any non-frivolous issues for appeal.[5]
After the Federal Fifth Circuit reversed the Louisiana Fourth Circuit’s decision and ordered the Fourth Circuit to grant Lofton an additional out-of-time appeal with the benefit of appellate counsel, the Fourth Circuit Court of Appeal adopted a new internal court rule. This rule listed the requirements origi *196 nally set forth in Anders, but also included the additional requirement from Lofton to go beyond an errors patent examination and review the entire transcript for non-frivolous issues before granting an appointed lawyer’s request to withdraw when using an Anders brief. This new internal court rule was applied and explained in the case of State v. Benjamin, 573 So.2d 528 (La.App. 4 Cir.1990). In 1993, a three judge panel of this court adopted the same procedure for Anders briefs in State v. Brister, 626 So.2d 955 (La.App. 3 Cir.1993).
^Accordingly, in the case sub judice, this court has performed an independent and thorough review of all the pleadings, all the minute entries, the bill of information, and all transcripts contained in the appellate record. Mouton was properly charged by bill of information under La.R.S. 40:967 and the bill was signed by an assistant district attorney. Mouton was present and represented by counsel at arraignment, all hearings, trial, and sentencing. The State proved every element of La.R.S. 40:967 beyond a reasonable doubt. Mouton’s sentence of ten years is within the statutory limits and is not constitutionally excessive.
However, the record shows that Mouton was not informed of the three-year prescriptive period to apply for post-conviction relief pursuant to La.Code Crim.P. art. 930.8. La.Code Crim.P. art. 930.8 provides that at the time of sentencing, the trial court shall inform the defendant of the prescriptive period for post-conviction relief. This defect has no bearing on whether the sentence is excessive and is not grounds to reverse the sentence or remand the case for resentencing. The three-year prescriptive period does not begin to run until the judgment is final under La.Code Crim.P. arts. 914 or 922. Thus, prescription in this case'has not yet begun. Because the purpose of the Article 930.8(C) notice is to inform the defendant of the prescriptive period in advance, the district court is hereby directed to inform the defendant of the provisions of Article 930.8 by sending appropriate written notice to the defendant within ten days of the rendition of this opinion and to file written proof in the record of the proceedings that the defendant received the notice. See State v. Fontenot, 616 So.2d 1353 (La.App. 3 Cir.), writ denied, 623 So.2d 1334 (La.1993).
In conclusion, we have performed a careful, independent review of the entire record and find no non-frivolous issues for appeal. To this effect, defense counsel’s motion to withdraw is hereby granted.
I «DEFENDANT’S PRO SE ASSIGNMENT OF ERROR
Mouton submitted a three page pro se appellate brief and presents one assignment of error for appeal: “Did the trial court err by convicting defendant with an improper jury?” Mouton argues in brief that the district court failed to dismiss the alternate juror pursuant to La.Code Crim.P. art. 789 and that the alternate juror participated in the jury deliberations that resulted in his conviction in violation of La. Const, art. I, § 17.
Generally, an alternate juror’s participation in jury deliberations constitutes an extraneous influence on the jury which establishes a prima facie case of prejudice to the defendant and constitutes reversible error. See State v. Howard, 573 So.2d 481 (La.1991). A verdict returned by a jury composed of either more or less than the correct number of jurors is null and void. State v. Smith, 367 So.2d 857 (La.1979); State v. Nedds, 364 So.2d 588 (La.1978). An error in the size of a jury is discoverable on the face of the record ex proprio motu without formal objection under La.Code Crim.P. art. 841 or assignment of error. Smith, 367 So.2d 857.
In the case sub judice, Mouton’s assertions that the district court faded to dismiss the alternate juror and that the alternate juror improperly participated in the jury deliberation are not supported by the record. The minutes clearly reflect that the alternate juror was dismissed: “The Court thanked and excused the alternate juror in this matter at 12:08 p.m. and thereafter the Jury retired to the deliberation room to consider the case before them, and the Court recessed.” Furthermore, the transcript of this case does not contain any affirmative statement or entry showing that the alter *197 nate juror remained or that the alternate juror participated in the jury deliberation. While the transcript prevails over the minutes when there is a discrepancy between the two, in this ease, there is no discrepancy between the minutes and the transcript. laThe transcript of the case sub judice contains no statement or entry which contradicts the minutes. See State v. Lynch, 441 So.2d 732 (La.1983).
We also note that the defendant voluntarily waived polling of the jury under La.Code. Crim.P. art. 812 when the jury returned from deliberation to present its verdict. If the district court had not dismissed the alternate juror in this case and the alternate juror improperly participated in the deliberation of the jury, then the defendant could have polled the jury when it returned to deliver its verdict so that affirmative proof of the alternate juror’s alleged presence and participation in the deliberation would have appeared in the transcript of the record. Accordingly, Mouton should not be allowed to benefit from his voluntary waiver of a procedural device intended for his protection. Therefore, absent any positive proof in the record showing that the alternate juror participated in the jury deliberation in the present ease, this pro se assignment of error lacks merit.
DECREE
For the foregoing reasons, defense counsel’s motion to withdraw is granted and the defendant’s sentence and conviction are affirmed. This ease is remanded so that the district court may inform the defendant of the provisions of Article 930.8 by sending appropriate written notice to the defendant within ten days of the rendition of this opinion and to file written proof in the record of the proceedings that the defendant received the notice.
DEFENSE COUNSEL’S MOTION TO WITHDRAW GRANTED; DEFENDANT’S SENTENCE AND CONVICTION AFFIRMED; CASE REMANDED WITH INSTRUCTIONS.

. Because of our disposition of this case, we find that we do not have to reach the defendant’s motion to allow his appeal counsel to withdraw. We likewise find that the defendant's motion for an extension of time is moot.

. A dealer of crack cocaine frequently stores contraband in his mouth so that he can quickly dispose of the evidence by swallowing it in an attempt to prevent its seizure by the police.

. The entire text of this brief appears verbatim as follows: “Defendant respectfully requests the court to review the record for errors patent on the face of the record. Louisiana Constitution of 1974, Article 1, Section 19; State v. Martin, 329 So.2d 688 (La.1976). In accord with such a review, the defendant asks the court to reverse his conviction and sentence.” 905 F.2d at 886.

. The text of State v. Lofton, 442 So.2d 796 (La.App. 4 Cir.1983) appears entirely as follows: "Defendant appeals his conviction and sentence of life imprisonment at hard labor without the benefit of parole, probation or suspension of sentence for second degree murder, LSA-R.S. 14:30.1. In his sole assignment of error, defendant requests this court to review the record for errors patent and to reverse his conviction and sentence. Having examined the documents in the record, we find no errors patent. Upon review of the 185 page transcript of the jury trial, in accordance with State v. Raymo, 419 So.2d 858 (La.1982), we conclude there was sufficient evidence upon which a rational trier of fact could find the defendant guilty beyond a reasonable doubt. Accordingly, the conviction and sentence are affirmed. AFFIRMED.”

.But see U.S. v. Condren, 18 F.3d 1190, 1193, n. 8 (5th Cir.1994).